JOB S. CRANE, surviving executor &c. of Jane J. Ogilvie, deceased,

*v.*

WILLIAM A. HOWELL et al., executors &c. of Charles J. Howell, deceased.

An executor invested funds of the estate in a second mortgage on lands, in this state and in an unsecured promissory note, both of which proved to be worthless, and a total loss to the estate. The executor not only admitted his liability to the estate for these investments, but repeatedly promised to indemnify the estate therefor.—*Held*, in a suit by his co-executor against his executors and legatees, that the latter were liable for the amount of those investments.

---

Bill for relief. On final hearing on pleadings and proofs.

Crane *v.* Howell.

*Mr. C. T. Glen,* for complainant.

*Mr. R. E. Chetwood,* for defendants.

THE CHANCELLOR.

This suit is brought by Job S. Crane, as surviving executor of . the will of Jane J. Ogilvie, deceased, against the executors and legatees of Charles J. Howell, the deceased executor, to recover the amount of a loss sustained by the estate in and by two investments made by Howell of moneys of the estate. One of the investments was of $3,000, and was upon second mortgage of land in Newark, and the other (\$500) upon a promissory note without any security. The mortgage he took by assignment from his brother, William A. Howell. It is admitted that these investments have proved a total loss, and it is not denied that they were such as are not allowable for trust-money. The liability of the estate of the deceased executor is not disputed, but it is insisted that while the complainant, indeed, was not aware of the making of the investments in question, nor of the intention of Howell to make them, yet as to the investment on the bond and mortage, he was subsequently informed of it, but took no steps in reference to it, and that he therefore is equally liable with the estate of Howell for the loss upon that investment, and is bound to contribute his equal share to pay it. There is no ground for this claim. The proof is that Howell not only recognized his liability to pay any loss which might be sustained on the investment on the bond and mortgage, but repeatedly promised to indemnify the estate against it. The investment on the promissory note (the note, it may be remarked, was made payable to Howell alone as executor) was not discovered by the complainant until a long time after it was made, but at what particular time does not appear. It was the duty of the complainant on becoming acquainted with the fact that Howell had made the investments in question, to require him to indemnify the estate against loss by reason of them. *Crane* v. *Hearn, 11 C..E. Gr. 378 ; Laroe* v. *Douglass, 2 Beas. 308.* That he delayed doing so until Howell died, obviously constitutes no

ground for compelling him, as between him and Howell's estate, to bear part of the loss. There will be a decree against Howell's executors for the amount of the loss and interest. By their answer it appears that they have retained in their hands of the funds of the estate applicable thereto, enough to meet any liability in the premises which might be established against them in this suit.